# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID APPLEBY,**

        **Petitioner,**

**v.**                              **Civil Action No. 3:05cv87**
                                    **(Judge Stamp)**

**WARDEN NRJ&CF,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

This case was initiated *pro se* on September 15, 2005, by the filing of a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. In the petition, Petitioner challenges a conviction and sentence imposed in the Circuit Court of Ohio County, West Virginia. Presently before the Court is the respondent's answer and motion to dismiss the petition for the failure to exhaust state remedies. On May 8, 2006, notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to the Petitioner advising him of his right to file a response to the Respondent's dispositive motion. On June 22, 2006, Martin P. Sheehan, entered an appearance on behalf of Petitioner and requested additional time to respond to the Respondent's motion. Petitioners' motion was granted and a reply was filed on July 21, 2006. Accordingly, this case is ripe for review.

## I. Factual and Procedural Background

### A. Petitioner's Conviction and Sentence

According to the parties, the Grand Jury sitting on Ohio County, West Virginia, returned an indictment against Petitioner charging him with one count driving under the influence of alcohol,

third offense, and one count driving while revoked for driving under the influence, third offense. Although Petitioner was charged with third offense DUI, the Respondent notes that Petitioner actually had eight prior DUI convictions. On November 21, 2001, Petitioner pled guilty to both counts of the indictment.

After Petitioner's pleas hearing, the Ohio County prosecutor filed a recidivist information, alleging five previous felony convictions and charging Petitioner as a habitual offender. After filing several unsuccessful motions related to the recidivist information with the trial court, Petitioner filed a Writ of Prohibition with the West Virginia Supreme Court of Appeals. Petitioner's Writ of Prohibition contained the following issues:

> (1) Should Mr. Appleby have received notice in the indictment of the State's intention to seek to have him sentenced as a recidivist?
>
> (2) Assuming the answer to first question is negative, then should Mr. Appleby have been given notice of the State's intent to have him sentenced as a recidivist before his plea was accepted?
>
> (3) Assuming *arguendo* that there is proof that the defendant committed all the felony offenses charge in the information, would such a record support a life sentence for driving under the influence and/or driving suspended for driving under the influence?
>
> (4) Is Mr. Appleby entitled to have a jury evaluate whether the facts and circumstances of the instant offense and his prior offenses were actually violent, potentially violent, or non-violent?
>
> (5) Given the case by case analysis necessary under the proportionality clause, has the Habitual Offender Statute become void for vagueness?
>
> (6) Does State v. Williams, 196 W.Va. 634, 474 S.E.2d 593 (1996) apply to efforts to seek a life sentence for driving under the influence? Does Williams apply to efforts to enhance convictions for driving while suspended? And was Williams correctly decided?
>
> (7) Can the 9/8/88 conviction for driving under the influence be used to enhance the underlying offense to a third offense under the driving under the influence statute and also be used as a prior felony conviction under the Habitual Offender Statute?

(8) Does the failure of the State to enforce W.Va. Code § 61-11-18(c) against every person with three felony convictions violate principles of equal protection?

(9) Since the petitioner had entered into a plea bargain when convicted of assault and the terms of that agreement provided for sentencing to a jail and not the penitentiary, should such conviction be a previous conviction under W.Va. Code § 61-11-18?

(10) Did the prosecutor violate the "immediately" portion of W.Va. Code § 61-11-19 by not filing the recidivist information as part of the same proceeding during which the plea was offered and accepted by the Court?

Petitioner's Writ of Prohibition was denied by published opinion on December 4, 2002 and proceedings on Petitioner's recidivist information resumed thereafter. On September 3, 2003, a jury found Petitioner to be the same David Appleby as required under the West Virginia recidivist statutes, W. Va. §§ 61-11-18 and 19. Therefore, on October 15, 2003, the court entered an order sentencing Petitioner to statutory life imprisonment.

B. **Direct Appeal**

Petitioner appealed his conviction to the West Virginia Supreme Court of Appeals on January 6, 2004. In his appeal, Petitioner asserted the following grounds for relief:

(1) The Court erred in denying the motion to dismiss the recidivist information for failure to contain information required by W.Va. Code § 61-11-19.

(2) The Court erred in permitting recidivism proceedings to be based upon the felony offense of Third Offense, Driving While Suspended for Driving Under the Influence because such an offense is not violent.

(3) The Court erred in permitting the amendment of the recidivist information.

(4) The Court erred in excluding evidence that would tend to show that a prior conviction of the defendant was not constitutionally obtained.

(5) The Court erred by failing to fully instruct the jury on the need to make a finding of the date on which prior offenses had occurred, an essential element of a recidivist trial, and in tendering a verdict form with interrogatories similarly defective, and in failing to obtain a final verdict encompassing all the essential elements of a finding of recidivism.

(6) The Court erred in denying the petitioner's objection to the use of the language "on or about" as part of the jury instructions.

(7) The Court erred in denying the motion to withdraw the guilty plea on the underlying offense.

(8) The Court erred in permitting an enhanced sentence to be based upon felony offenses of Third Offense, Driving Under the influence, because such an offense does not require proof of intent.

(9) The Court erred in denying the motion to dismiss the recidivist proceedings for failure to give notice in the original indictment that a recidivist sentence would be sought.

(10) The Court erred in refusing jury instructions that would have permitted jury evaluation of the character of the underlying offenses.

(11) The Court erred in refusing to find State v. Williams to have been wrongfully decided.

Petitioners' direct appeal was refused on September 16, 2004. Petitioner filed two motions for reconsideration, the last of which was refused on April 28, 2005.[1]

## C. **Petitioners' State Habeas Petition**

Petitioner did not file a state habeas petition.

## D. **Petitioners' Federal Habeas Petition**

In his federal habeas petition, Petitioner raises the following grounds for relief:

(1) His plea was not voluntary because he did not have a full understanding of the consequences of his guilty plea, in particular, Petitioner was not told at his plea hearing that he faced the possibility of a life sentence under the West Virginia recidivist statute.

(2) Petitioner was denied the right to have a jury determine whether or not his prior convictions were qualifying convictions within the meaning of the West Virginia recidivist statute.

---

[1] It appears from the pleadings that the Petition is timely filed. Petitioner's direct appeal was refused on September 16, 2004. Because there is no indication in the record currently before this Court that Petitioner filed a writ of certiorari with the United States Supreme Court, Petitioner's conviction became final when the time for doing so expired, or December 16, 2004. Even without considering Petitioner's two motions for reconsideration, Petitioner's federal habeas petition, on September 15, 2005, was well within the one-year time limitation.

4

(3) Petitioners' due process rights were violated when the state failed to comply with the notice requirements of the recidivist statutes.

(4) His sentence is cruel and unusual punishment because it violates the proportionality principle of the Eight Amendment.

(5) Miscellaneous Allegations - Petitioner incorporates all claims raised in his brief filed in connection with his writ of prohibition, his petition for appeal, and his two motions for reconsideration.

**E.    The Respondent's Motion to Dismiss**

In the motion to dismiss, Respondent argues that Petitioner's federal habeas petition should be dismissed for the failure to exhaust state remedies. In support of the motion, the Respondent asserts that Petitioner's federal petition contains grounds that have not been fully presented to the appropriate state courts. Specifically, the Respondent argues that grounds one, two and four were not raised on direct appeal or in a state habeas proceeding that was later appealed to the West Virginia Supreme Court of Appeals. However, the Respondent concedes that ground three was raised by Petitioner on direct appeal and is exhausted. Thus, the Respondent asserts that the petition is "mixed" and must be dismissed pursuant to Rose v. Lundy, 455 U.S. 509 (1982) (district courts must dismiss mixed habeas petitions).[2] In that alternative, the Respondent asserts that Petitioner should be permitted to withdraw his unexhausted claims and proceed to a decision on the merits of his exhausted claims.

As to ground five, the Respondent argues that this claim is insufficiently pled and fails to state a cognizable claim because Petitioner cannot incorporate by reference claims asserted in his state court filings. See Cox v. Angelone, 997 F.Supp. 740, 746 (E.D.Va. 1998) (rejecting a claims in which petitioner attempted to incorporate by reference all claims previously asserted).

---

[2] A mixed petition is one raising both exhausted and unexhausted claims.

**F. Petitioners' Reply**

In his reply to the Respondent's motion to dismiss, Petitioner asserts that all the claims raised in the instant petition were raised on direct appeal and are exhausted. However, Petitioner asserts that to the extent that the Court finds any of his claims are not exhausted, Petitioner wishes to withdraw those claims and proceed on the merits of his exhausted claims. In addition, Petitioner asserts that in light of the Respondent's objection to the catchall allegations set forth in ground five, Petitioner withdraws those allegations. Therefore, Petitioner requests that the Respondent's Motion to Dismiss for the Failure to Exhaust State Remedies be denied and that the merits of his claims be reached. Additionally, Petitioner requests that he be released on bail pending the disposition of this case.

## II. Analysis

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. §2254(b). Absent a valid excuse, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply

labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32 (2004); see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993). A federal court may only consider those issues the petitioner presented to the state court,[3] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is Petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365 (1995). Further, in addition to providing the state court with the facts supporting the claimed constitutional violation, the petitioner must also "explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F. 3d

---

[3] Picard v. Connor, 404 U.S. 270 (1971).

991, 994 (4th Cir. 1994).

Here, Petitioner filed a direct appeal of his conviction and sentence. After reviewing the claims raised in the instant petition to those raised in his direct appeal, the undersigned is of the opinion that Petitioner has exhausted his state remedies and that the Respondent's motion to dismiss should be denied.

    1. <u>Ground One</u>

In ground one, Petitioner asserts that his due process rights were violated when he entered a plea of guilty without full knowledge of the consequences of doing so. In support of his claim, Petitioner asserts that at his plea hearing, he was advised that by entering a plea to both counts of the indictment, he would face a sentence of imprisonment of one to three years on each count and that the sentences could be imposed consecutively for a total sentence of two to six years. The recidivist information was not filed by the State until after Petitioner entered his plea of guilty. Because of the possibility of a recidivist life sentence, Petitioner sought to withdraw his guilty plea. Petitioners' motion was denied. Petitioner then filed a Writ of Prohibition with the West Virginia Supreme Court of Appeals in an attempt to prohibit the State from seeking a recidivist life sentence. Petitioner's Writ of Prohibition was denied.

On direct appeal, Petitioner argued in ground seven that the United States Supreme Court has held that a valid plea of guilty depended on a defendant having a full understanding of the consequences of entering such a plea. Petitioner further argued that an involuntary guilty plea violates a defendant's right to due process and a guilty plea should be set aside when a possible sentencing enhancement is not explained to the defendant prior to making his plea of guilty. Accordingly, Petitioner argued that the trial court erred in not allowing him to withdraw his guilty

plea.

It appears that the substance of ground one in Petitioner's federal habeas petition was raised in ground seven of his direct appeal and that the West Virginia Supreme Court of Appeals was given the opportunity to correct the alleged violation of Petitioner's federal rights. Accordingly, ground one is exhausted.

2. Ground Two

In ground two, Petitioner asserts that his right to due process was violated when he was denied the right to have a jury determine whether or not his prior convictions were qualifying convictions within the meaning of the West Virginia recidivist statute. In support of this claim, Petitioner asserts that none of his convictions for driving under the influence or driving suspended for driving under the influence were crimes of violence or involved an adjudication of recklessness. Petitioner asserts that the Supreme Court of the United States has found that a judge alone may not make inquiry into the underlying facts of a prior conviction to determine if it is a qualifying conviction for purposes of a sentencing enhancement scheme.

In ground one of his direct appeal, Petitioner argued that the trial court erred in denying him the opportunity to argue that his prior convictions for Driving While Suspended for Driving Under the Influence, Third Offense, were non-violent offenses. In that same ground, Petitioner also argued that a recidivist sentence cannot be based on non-violent offenses. Additionally, in ground eight of his direct appeal, Petitioner argued that his prior conviction for Driving Under the Influence, Third Offense, could not be used to enhance his sentence because such offense does not require proof of intent. Further, in ground ten of his direct appeal, Petitioner argued that pursuant to Supreme Court precedent he was entitled to have a jury evaluate the character of the underlying offenses.

It appears that the substance of ground two in Petitioner's federal habeas petition was raised in grounds one, eight, and ten of his direct appeal, and that the West Virginia Supreme Court of Appeals was given the opportunity to correct the alleged violation of Petitioner's federal rights. Accordingly, ground two is exhausted.

3. Ground Three

The Respondent concedes that ground three is exhausted. See Motion to Dismiss (dckt. 9) at 9.[4]

4. Ground Four

In ground four, Petitioner asserts that his sentence constitutes cruel and unusual punishment because it violates the proportionality principle of the Eighth Amendment. In support of this claim, Petitioner asserts that there is no *mens rea* requirement for a conviction of DUI, therefore, such convictions do not permit lengthy sentences. Thus, Petitioner's argues that his life sentence is disproportionate to his DUI conviction and constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

In ground eight of his direct appeal, Petitioner argues that the United States Supreme Court has recognized that sentences which are grossly disproportionate violate the Eighth Amendment and are unconstitutional. In that same ground, Petitioner also argued that one factor to be considered in determining whether a sentence is grossly disproportionate is whether there is a *mens rea* requirement as an element of the offense. Because there is no *mens rea* requirement for Driving Under the Influence in West Virginia, Petitioner argued that his sentence is disproportionate to his crime and therefore constitutes cruel and unusual punishment under the Eighth Amendment to the

---

[4] Petitioner specifically raised this issue in ground nine of his direct appeal.

United States Constitution.

It appears that the substance of ground four in Petitioner's federal habeas petition was raised in ground eight of his direct appeal and that the West Virginia Supreme Court of Appeals was given the opportunity to correct the alleged violation of Petitioner's federal rights. Accordingly, ground four is exhausted.

## III. Petitioner's Request for Bail

"A conviction and the state's substantial interest in executing its judgment . . . dictates a formidable barrier for those who seek interim release while they pursue their collateral remedies . . . . [I]n the absence of exceptional circumstances . . . the court will not grant bail prior to the ultimate final decision unless petitioner presents not merely a clear case on the law, . . . but a clear, and readily evident, case on the facts." Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir.1972).

Upon a review of the petition, the undersigned is of the opinion that Petitioner's right to relief is not clear and readily evident. Thus, Petitioner is not entitled to release pending the disposition of this case and his request for release on bail should be denied.

## IV. Recommendation

For the reasons set forth in this Opinion, it is recommended that the Petitioner's request to withdraw ground five be GRANTED and ground five be DISMISSED. In addition, the undersigned recommends that the Respondent's Motion to Dismiss for the Failure to Exhaust (dckt. 9) be DENIED. In light of this finding, it is further recommended that the Respondent be directed to file an answer on the merits of Petitioner's claims.[5] Finally, it is recommended that Petitioner's request

---

[5] In the Answer and Motion to Dismiss, the Respondent denied only generally that any violation of Petitioner's rights had occurred. Motion to Dismiss (dckt. 9) at 12. Therefore, the Respondent requested that it be permitted to present further evidence and argument in opposition to Petitioner's claims if the Court should deny its motion to dismiss. Id.

for bail pending the outcome of these proceedings be DENIED.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to counsel of record.

DATED: January 31, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE