```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                             MARTINSBURG
```

**DAVID APPLEBY,**

    **Petitioner,**

**v.**                                    **Civil Action No. 3:05CV87**
                                                        **(STAMP)**
**WARDEN, NORTHERN REGIONAL JAIL**
**AND CORRECTIONAL FACILITY,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull (Doc. 21) dated January 31, 2007, and the petitioner's corresponding objections (Doc. 22) filed on February 7, 2007. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a de novo review only as to the portions of the report and recommendation to which the plaintiff objected. The remaining portions of the report and recommendation to which the plaintiff did not object will be

reviewed for clear error.  As a result, it is the opinion of the Court that the Magistrate Judge's Report and Recommendation (Doc. 21) should be, and is, **ORDERED ADOPTED**.

The current controversy arises from petitioner's plea of guilty to one count of driving under the influence of alcohol, third offense, and one count of driving while revoked for driving under the influence, third offense, in the Circuit Court of Ohio County, West Virginia.  Following petitioner's plea of guilty, the Ohio County prosecutor filed a recidivist information charging petitioner as a habitual offender.  As a result, petitioner filed for a Writ of Prohibition with the West Virginia Supreme Court of Appeals. Petitioner's writ set forth the following ten issues for review:

> (1)  Should Mr. Appleby have received notice in the indictment of the State's intention to seek to have him sentenced as a recidivist?
>
> (2)  Assuming the answer to first question is negative, then should Mr. Appleby have been given notice of the State's intent to have him sentenced as a recidivist before his plea was accepted?
>
> (3)  Assuming *arguendo* that there is proof that the defendant committed all the felony offenses charge in the information, would such a record support a life sentence for driving under the influence and/or driving suspended for driving under the influence?
>
> (4)  Is Mr. Appleby entitled to have a jury evaluate whether the facts and circumstances of the instant offense and his prior offenses were actually violent, potentially violent, or nonviolent?
>
> (5)  Given the case by case analysis necessary under the proportionality clause, has the Habitual Offender Statute become void for vagueness?
>
> (6)  Does State v. Williams, 196 W. Va. 634, 474 S.E.2d 593 (1996) apply to efforts to seek a life

sentence for driving under the influence? Does <u>Williams</u> apply to efforts to enhance convictions for driving while suspended? And was Williams correctly decided?

 (7) Can the 9/8/88 conviction for driving under the influence be used to enhance the underlying offense to a third offense under the driving under the influence statute and also be used as a prior felony conviction under the Habitual Offender Statute?

 (8) Does the failure of the State to enforce W. Va. Code § 61-11-18(c)against every person with three felony convictions violate principles of equal protection?

 (9) Since the petitioner had entered into a plea bargain when convicted of assault and the terms of that agreement provided for sentencing to a jail and not the penitentiary, should such conviction be a previous conviction under W. Va. Code § 61-11-18?

 (10) Did the prosecutor violate the "immediately" portion of W. Va. Code § 61-11-19 by not filing the recidivist information as part of the same proceeding during which the plea was offered and accepted by the Court?

On December 4, 2002, the West Virginia Supreme Court of Appeals denied the Petition for Writ of Prohibition and on September 3, 2003, a jury found petitioner guilty under W. Va. Code §§ 61-11-18 and 19. As a result, the Circuit Court sentenced petitioner to the statutorily required life term.

Following imposition of judgment, the petitioner appealed his conviction alleging the following assignments of error, which was refused on September 16, 2004:

 (1) The Court erred in denying the motion to dismiss the recidivist information for failure to contain information required by W. Va. Code § 61-11-19.

 (2) The Court erred in permitting recidivism proceedings to be based upon the felony offense of Third Offense, Driving While Suspended for Driving Under the Influence because such an offense is not violent.

(3) The Court erred in permitting the amendment of the recidivist information.

(4) The Court erred in excluding evidence that would tend to show that a prior conviction of the defendant was not constitutionally obtained.

(5) The Court erred by failing to fully instruct the jury on the need to make a finding of the date on which prior offenses had occurred, an essential element of a recidivist trial, and in tendering a verdict form with interrogatories similarly defective, and in failing to obtain a final verdict encompassing all the essential elements of a finding of recidivism.

(6) The Court erred in denying the petitioner's objection to the use of the language "on or about" as part of the jury instructions.

(7) The Court erred in denying the motion to withdraw the guilty plea on the underlying offense.

(8) The Court erred in permitting an enhanced sentence to be based upon felony offenses of Third Offense, Driving Under the influence, because such an offense does not require proof of intent.

(9) The Court erred in denying the motion to dismiss the recidivist proceedings for failure to give notice in the original indictment that a recidivist sentence would be sought.

(10) The Court erred in refusing jury instructions that would have permitted jury evaluation of the character of the underlying offenses.

(11) The Court erred in refusing to find <u>State v. Williams</u> to have been wrongfully decided.

Following the refusal of his direct appeal, petitioner instituted the current petition for writ of habeas corpus. In support of the relief, petitioner proffers the following arguments:

(1) His plea was not voluntary because he did not have a full understanding of the consequences of his guilty plea, in particular, Petitioner was not told at his plea hearing that he faced the possibility of a life sentence under the West Virginia recidivist statute.

(2) Petitioner was denied the right to have a jury determine whether or not his prior convictions were qualifying convictions within the meaning of the West Virginia recidivist statute.

(3) Petitioners' due process rights were violated when the state failed to comply with the notice requirements of the recidivist statutes.

(4) His sentence is cruel and unusual punishment because it violates the proportionality principle of the Eight Amendment.

(5) Miscellaneous Allegations -- Petitioner incorporates all claims raised in his brief filed in connection with his writ of prohibition, his petition for appeal, and his two motions for reconsideration.

On March 8, 2006, in response to the above, the respondent filed a Motion to Dismiss for failure to exhaust state remedies (Doc. 9). Essentially, the respondent claims that petitioner is attempting to proffer a "mixed" petition, which pursuant to Rose v. Lundy, 455 U.S. 509 (1982), must be dismissed. Additionally, in regard to petitioner's fifth asserted basis for relief, respondent claims that dismissal is appropriate because, as noted in Cox v. Angelone, 977 F. Supp. 740, 746 (E.D. Va. 1998), incorporation of prior claims by reference is improper in a petition for writ of habeas corpus. In response, while maintaining the validity of the alternate grounds for relief, petitioner concedes that ground five is not properly pled and as such seeks its withdraw. In accordance with the above, petitioner's request to withdraw ground five is **GRANTED,** and the same is hereby **DISMISSED**.

As properly noted by the Magistrate Judge, petitions for writs of habeas corpus shall not be entertained where a litigant has

failed to exhaust his remedies under state law. Castille v. Popeles, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). In order to met this standard, a litigant must fairly present the substance of his claim in the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997). As expressed in Matthews, a "claim is fairly presented when the petitioner presented to the states courts the substance of his federal habeas corpus claim. The ground relied on must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. Furthermore, it is the petitioner who bears the burden of demonstrating the exhaustion of state remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

After thorough review of the parties' filings and the record, it is clear that the petitioner has satisfied his burden. Specifically, regarding the first asserted ground for relief, it is noted that on direct appeal petitioner argued that he lacked full understanding of the consequences of his plea as required by the United States Supreme Court, that due process requires the plea to be freely and voluntarily given, that the sentencing enhancement was not explained prior to the tendering of the plea, and that the trial court erred by refusing to allow the petitioner to withdraw his guilty plea. As such, the Court agrees with the finding of the Magistrate Judge that the substance of ground one was raised by petitioner in ground seven of his direct appeal and therefore, may properly be considered exhausted.

Additionally, it is equally clear to the Court that the allegations raised by petitioner's second purported ground for federal habeas relief was raised in substance on direct appeal. As noted by the Magistrate Judge, petitioner did contest the trial court's refusal to allow argument on prior convictions as well as the basing of the recidivist conviction on non-violent offenses. Furthermore, petitioner argued on direct appeal that his conviction for diving under the influence, third offense, could not serve as a basis for the recidivist conviction because the offense lacks a *mens rea* requirement, and that Supreme Court precedent requires a jury to evaluate the character of the underlying offenses. As such, the Court is satisfied that petitioner exhausted this asserted basis of relief. Furthermore, it is uncontested that respondent concedes that the basis for relief asserted in ground three has properly been exhausted, as evident from the motion to dismiss (Doc. 9).

Similarly, the Court agrees with the determination of the Magistrate Judge that petitioner properly raised ground four of his federal habeas petition on direct appeal. As noted by the Magistrate Judge, petitioner clearly asserted his Eight Amendment challenge to the sentence as imposed by the recidivist statute, and therefore, petitioner adequately exhausted this theory of relief.

As a final matter, the Court finds that petitioner's request for bond should be denied. As properly stated by the Magistrate Judge, "in the absence of exceptional circumstances . . . the court

will not grant bail prior to the ultimate final decision unless petitioner presents not merely a clear case on the law . . . but a clear and readily evident case on the facts." Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972). Despite petitioner's assertion in his objections to the Report and Recommendation (Doc. 22) that the Magistrate failed to articulate the reasoning behind his recommendation, it is clear that petitioner has failed to make any showing whatsoever of entitlement. For that reason, the Court is of the opinion that petitioner's request for bond should be denied.

For the foregoing reasons and those more fully stated in the Report and Recommendation of United States Magistrate Judge John S. Kaull (Doc. 21), the Court **ORDERS** as follows:

1. That the **Report and Recommendation of the Magistrate Judge (Doc. 21)** is **ADOPTED**;

2. That **Petitioner's Request to Withdraw Ground Five of His Federal Habeas Petition is GRANTED and the same is DISMISSED**;

3. That **Respondent's Motion to Dismiss for Failure to Exhaust State Remedies (Doc. 9)** is **DENIED**;

4. That **Respondent is DIRECTED to file an answer on the merits of Petitioner's claims**; and

5. That **Petitioner's request for bond** is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this ORDER to the petitioner and all counsel of record.

DATED this 21st day of February 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE