IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID APPLEBY,

      Petitioner,

v.                                                    Civil Action No. 3:05cv87
                                                       (Judge Bailey)

WARDEN NRJ&CF,

      Respondent.

## OPINION/REPORT AND RECOMMENDATION

### I. Factual and Procedural History

This case was initiated *pro se* on September 15, 2005, by the filing of a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Dckt. 1) In the petition, the petitioner challenges a conviction and sentence imposed in the Circuit Court of Ohio County, West Virginia, on five grounds. On October 4, 2005, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not appropriate at that time. (Dckt. 7.) Therefore, the respondent was directed to show cause why the petition should not be granted.

On March 8, 2006, the respondent filed a Motion to Dismiss for the Failure to Exhaust State Remedies. (Dckt. 9.)

On June 22, 2006, Attorney Martin P. Sheehan filed a Notice of Appearance on petitioners' behalf (dckt. 13), and requested an extension of time to file a reply to the respondent's motion (dckt. 14). A reply was filed on July 21, 2006. (Dckt. 15.)

On January 31, 2007, the undersigned issued an Opinion/Report and Recommendation ("R&R") on the respondent's motion to dismiss. (Dckt. 21.) In the R&R, the undersigned found

that the petitioner's claims were in fact exhausted, and recommended that the respondent's motion to dismiss be denied. Id. Moreover, because the petitioner conceded in his reply to the respondent's motion, that Ground Five was not appropriately raised on federal habeas review, the undersigned recommended that Ground Five be dismissed with prejudice. Id. After consideration of the parties objections, the R&R was adopted by the District Judge. (Dckt. 23.) Therefore, the respondent's motion to dismiss was denied, Ground Five of the petition was dismissed, and the respondent was directed to file an answer on the merits of the petitioner's claims in Grounds One through Four.

On May 10, 2007, the respondent filed a Motion to Dismiss for the Failure to State a Claim (dckt. 30), a Motion for Summary Judgment (dckt. 31) and a Memorandum in support. (Dckt. 32.) The petitioner did not file a reply to the respondent's motions, and the time for doing so has passed.

On September 11, 2007, the petitioner filed a Motion for Bond seeking to establish bail effective September 20, 2007. (Dckt. 33). The respondent filed its opposition to such motion on September 12, 2007.

This case is before the undersigned for a report and recommendation on the respondent's Motion to Dismiss and Motion for Summary Judgment, and the petitioner's Motion for Bond.

## A. **Petitioner's Conviction and Sentence**

According to the parties, the Grand Jury sitting on Ohio County, West Virginia, returned an indictment against the petitioner charging him with one count driving under the influence of alcohol, third offense, and one count driving while revoked for driving under the influence, third offense. Although the petitioner was charged with third offense DUI, the respondent notes that the petitioner actually had eight prior DUI convictions. On November 21, 2001, the petitioner pled guilty to both counts of the indictment.

After the petitioner's plea hearing, the Ohio County prosecutor filed a recidivist information, alleging five previous felony convictions and charging the petitioner as a habitual offender. After filing several unsuccessful motions related to the recidivist information with the trial court, the petitioner filed a Writ of Prohibition with the West Virginia Supreme Court of Appeals ("WVSCA"). Petitioner's Writ of Prohibition contained the following issues:

> (1) Should Mr. Appleby have received notice in the indictment of the State's intention to seek to have him sentenced as a recidivist?
>
> (2) Assuming the answer to first question is negative, then should Mr. Appleby have been given notice of the State's intent to have him sentenced as a recidivist before his plea was accepted?
>
> (3) Assuming *arguendo* that there is proof that the defendant committed all the felony offenses charged in the information, would such a record support a life sentence for driving under the influence and/or driving suspended for driving under the influence?
>
> (4) Is Mr. Appleby entitled to have a jury evaluate whether the facts and circumstances of the instant offense and his prior offenses were actually violent, potentially violent, or non-violent?
>
> (5) Given the case by case analysis necessary under the proportionality clause, has the Habitual Offender Statute become void for vagueness?
>
> (6) Does State v. Williams, 196 W.Va. 634, 474 S.E.2d 593 (1996) apply to efforts to seek a life sentence for driving under the influence? Does Williams apply to efforts to enhance convictions for driving while suspended? And was Williams correctly decided?
>
> (7) Can the 9/8/88 conviction for driving under the influence be used to enhance the underlying offense to a third offense under the driving under the influence statute and also be used as a prior felony conviction under the Habitual Offender Statute?
>
> (8) Does the failure of the State to enforce W.Va. Code § 61-11-18(c) against every person with three felony convictions violate principles of equal protection?
>
> (9) Since the petitioner had entered into a plea bargain when convicted of assault and the terms of that agreement provided for sentencing to a jail and not the penitentiary, should such conviction be a previous conviction under W.Va. Code § 61-11-18?

(10) Did the prosecutor violate the "immediately" portion of W.Va. Code § 61-11-19 by not filing the recidivist information as part of the same proceeding during which the plea was offered and accepted by the Court?

Petitioner's Writ of Prohibition was denied by published opinion on December 4, 2002 and proceedings on Petitioner's recidivist information resumed thereafter. See Appleby v. Recht, 213 W.Va. 503, 583 S.E.2d 800 (W.Va. 2002). On September 3, 2003, a jury found the petitioner to be the same David Appleby as required under the West Virginia recidivist statutes, W. Va. §§ 61-11-18 and 19. Therefore, on October 15, 2003, the court entered an order sentencing the petitioner to statutory life imprisonment.

## B. Direct Appeal

The petitioner appealed his conviction to the WVSCA on January 6, 2004. In his appeal, the petitioner asserted the following grounds for relief:

(1) The Court erred in denying the motion to dismiss the recidivist information for failure to contain information required by W.Va. Code § 61-11-19.

(2) The Court erred in permitting recidivism proceedings to be based upon the felony offense of Third Offense, Driving While Suspended for Driving Under the Influence because such an offense is not violent.

(3) The Court erred in permitting the amendment of the recidivist information.

(4) The Court erred in excluding evidence that would tend to show that a prior conviction of the defendant was not constitutionally obtained.

(5) The Court erred by failing to fully instruct the jury on the need to make a finding of the date on which prior offenses had occurred, an essential element of a recidivist trial, and in tendering a verdict form with interrogatories similarly defective, and in failing to obtain a final verdict encompassing all the essential elements of a finding of recidivism.

(6) The Court erred in denying the petitioner's objection to the use of the language "on or about" as part of the jury instructions.

(7) The Court erred in denying the motion to withdraw the guilty plea on the underlying

4

offense.

(8) The Court erred in permitting an enhanced sentence to be based upon felony offenses of Third Offense, Driving Under the influence, because such an offense does not require proof of intent.

(9) The Court erred in denying the motion to dismiss the recidivist proceedings for failure to give notice in the original indictment that a recidivist sentence would be sought.

(10) The Court erred in refusing jury instructions that would have permitted jury evaluation of the character of the underlying offenses.

(11) The Court erred in refusing to find State v. Williams to have been wrongfully decided.

Petitioners' direct appeal was refused on September 16, 2004. The petitioner filed two motions for reconsideration, the last of which was refused on April 28, 2005.

## C. **Petitioners' State Habeas Petition**

Petitioner did not file a state habeas petition.

## D. **Petitioners' Federal Habeas Petition**

In his federal habeas petition, the petitioner raises the following grounds for relief:

(1) His plea was not voluntary because he did not have a full understanding of the consequences of his guilty plea, in particular, Petitioner was not told at his plea hearing that he faced the possibility of a life sentence under the West Virginia recidivist statute.

(2) Petitioner was denied the right to have a jury determine whether or not his prior convictions were qualifying convictions within the meaning of the West Virginia recidivist statute.

(3) Petitioners' due process rights were violated when the state failed to comply with the notice requirements of the recidivist statutes.

(4) His sentence is cruel and unusual punishment because it violates the proportionality principle of the Eight Amendment.

(5) Miscellaneous Allegations - Petitioner incorporates all claims raised in his brief filed in connection with his writ of prohibition, his petition for appeal, and his two motions for reconsideration.

However, as previously noted, Ground Five was dismissed by Order entered February 21, 2007. (Dckt. 23.) Therefore, the only grounds for consideration herein, are Grounds One through Four.

**E.    The Respondent's Motion to Dismiss**

In the motion to dismiss, the respondent argues that the petitioner's claims should be dismissed for the failure to state a claim.

**F.    The Respondent's Motion for Summary Judgment**

In the motion for summary judgment, the respondent argues that there are no genuine issues of material fact with respect to the remaining claims of the petition. Thus, the respondent seeks judgment as a matter of law.

## II.    Standards of Review

**A.    Motion to Dismiss**

In ruling on a motion to dismiss the Court must accept as true all well-pleaded factual allegations. Walker v. True, 399 F. 3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S.41, 45-46 (1957). Additionally, a district court should construe pro se petitions liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (emphasizing the liberal construction rule for pro se complaints raising civil rights issues).

## B. Motion for Summary Judgment

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977). So too has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir 1987). Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-588 (1986).

C.  **Federal Habeas Review Under 28 U.S.C. § 2254**

Notwithstanding the standards which govern the granting of a motion for summary judgment, the provisions of 28 U.S.C. § 2254 must be examined to determine whether habeas relief is proper. Title 28 U.S.C. § 2254 requires a district court to entertain a petition for habeas corpus relief from a prisoner in State custody, but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Regardless, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). However, the federal court may not grant habeas relief unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1) and (2); see also Williams v. Taylor, 529 U.S. 362 (2000).

The Fourth Circuit Court of Appeals has determined that "the phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion." Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999). When a state court summarily rejects a claim and does not set forth its reasoning, the federal court independently reviews the record and clearly established Supreme Court law. Bell v. Jarvis, 236 F.3d 149 (4th Cir.), cert. denied, 524 U.S. 830 (2001)(quoting Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000)). However, the court must still "confine [it's] review to whether the court's determination 'resulted in a decision that was contrary to, or involved an unreasonable application

8

of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. at 158.

A federal habeas court may grant relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently that this Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A federal court may grant a habeas writ under the "unreasonable application" clause, "if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. "An unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410.

When a petitioner challenges the factual determination made by a state court, "federal habeas relief is available only if the state court's decision to deny post-conviction relief was 'based on an unreasonable determination of the facts.'" 28 U.S. C. § 2254(d)(2). In reviewing a state court's ruling on post-conviction relief, we are mindful that 'a determination on a factual issue made by a State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by clear and convincing evidence.'" Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

However, habeas corpus relief is not warranted unless the constitutional trial error had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Richmond v. Polk, 375 F.3d 309 (4th Cir. 2004). "Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Brecht, supra.

Here, the petitioner's claims were properly presented to the courts of the State. Because the petitioner's claims were adjudicated on the merits in State court,[1] the State's findings of fact and conclusions of law are due the appropriate deference.

### III. Analysis

#### A. Ground One

In ground one, the petitioner asserts that his due process rights were violated when he entered a plea of guilty without full knowledge of the consequences of doing so. In support of his claim, the petitioner asserts that at his plea hearing, he was advised that by entering a plea to both counts of the indictment, he would face a sentence of imprisonment of one to three years on each count and that the sentences could be imposed consecutively for a total sentence of two to six years. The petitioner was not advised that he could be subject to a recidivist life sentence. Therefore, when the State subsequently filed a recidivist information, the petitioner sought to withdraw his guilty plea. His motion was denied. The petitioner asserts then, that his plea was not knowing and voluntary because he was not informed at the time of his plea, that he could be exposed to a recidivist life sentence.

A guilty plea must be a voluntary and intelligent decision of the defendant. Boykin v. Alabama, 395 U.S. 238, 242 (1969); North Carolina v. Alford, 400 U.S. 25, 31 (1970). If the defendant does not understand his constitutional protections and the charges made against him, the guilty plea is invalid. Henderson v. Morgan, 426 U.S. 637, 645 (1976). "[A] valid plea of guilty requires that the defendant be made aware of all 'the direct consequences of his plea.'" Cuthrell v. Director, Patuxent Inst., 475 F.2d 1364, 1365 (4th Cir.), cert. denied, 414 U.S. 1005 (1973) (quoting

---

[1] The West Virginia Supreme Court of Appeals addressed the merits of the petitioner's claims in denying his petition for Writ of Prohibition. See Appleby v. Recht, supra.

10

Wade v. Coiner, 468 F.2d 1059, 1060 (4th Cir.1972)), including the length of the maximum sentence or any mandatory minimum sentence which may be imposed. Manley v. United States, 588 F.2d 79, 81 (4th Cir.1978). However, even though a defendant must be advised of all the direct consequences of his plea, the defendant need not be advised of all "collateral consequences" of his plea. Cuthrell, 475 F.2d at 1365-66. "The distinction between 'direct' and 'collateral' consequences of a plea, while sometime shaded in the relevant decisions, turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." Id. at 1366.

In a petition for Writ of Prohibition with the WVSCA, the petitioner sought to prohibit the State from seeking a recidivist life sentence after his plea was entered on the ground that his plea was not knowing and voluntary because the trial court failed to advise him of the possibility of a recidivist life sentence at the time he pled guilty. In denying this claim, the WVSCA found a trial court is not required to advise a defendant concerning a possible recidivist enhancement. Appleby v. Recht, 583 S.E.2d at 808. In support of this finding, the court noted that Rule 11 of the Federal Rules of Criminal Procedure,[2] provides that while it is recommended that a defendant be informed that he may be subject to an additional penalty when he pleads guilty, it is not required. Id. Additionally, the Court noted that in the Fourth Circuit, it is well-established that a valid guilty plea requires only that the defendant be advised as to the "direct" consequences of his plea. Id. (quoting Cuthrell v. Director, Patuxent Institution, 475 F.2d at 1365-66).

After examining West Virginia law, the WVSCA found that a recidivist life sentence is a collateral consequence of a plea, rather than a direct consequence. Id. Specifically, the Court noted

---

[2] Rule 11 of the West Virginia Rules of Criminal Procedure are patterned after Rule 11 of the Federal Rules of Criminal Procedure. Appleby, 583 S.E.2d at 807-808.

11

that pursuant to W.Va. Code §§ 61-11-18 & 19, "the imposition of a life sentence is not 'definite, immediate and largely automatic.'" Id. Instead, the WVSCA noted that not only does the State have the discretion to pursue recidivist proceedings, it must also jump through a number of procedural hurtles in order to convict a defendant under the recidivist statute. Id. at 808-809.

Upon an independent review of the state court record, the undersigned finds that the determination of the state court was not contrary to or an unreasonable application of clearly established federal law. In denying the petitioner's claim, the state court addressed the appropriate standard of federal review and applied that standard to the facts of the petitioner's case. Moreover, the decision of the state court was not unreasonable in light of the facts presented in the state proceedings. In West Virginia, a recidivist sentence is not a direct consequence of a guilty plea. See Jones v. Painter, 140 F.Supp.2d 677, 679 (N.D.W.Va. 2001) ("A state court's interpretation of state recidivist laws is considered to be binding on a federal court reviewing the conviction on habeas corpus."). Thus, the court was not required to advise the petitioner of his possible recidivist sentence at the time he pled guilty, and the failure to do so did not render the petitioner's plea either unknowing or involuntary. Accordingly, the petitioner is not entitled to federal habeas relief on this claim.

**B.  Ground Two**

In ground two, the petitioner asserts that his right to due process was violated when he was denied the right to have a jury determine whether or not his prior convictions were qualifying convictions within the meaning of the West Virginia recidivist statute. In support of this claim, the petitioner asserts that none of his convictions for driving under the influence or driving suspended for driving under the influence were crimes of violence or involved an adjudication of recklessness.

However, although the petitioner frames this claim as a constitutional due process claim, whether his prior convictions were qualifying convictions for purposes of a state recidivist statute is a matter of state law. Additionally, whether the state court followed the proper procedures in making this determination, is also a matter of state law. Thus, this claim is not cognizable on federal habeas review.[3] See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.).

## C. Ground Three

In ground three, the petitioner asserts that his due process rights were violated when the state failed to comply with the notice requirements of the recidivist statutes. In particular, the petitioner complains that he did not receive proper notice of when his prior sentences were served and the jury was not instructed on this point. Again, however, even though the petitioner frames this claim as one of due process, he is challenging whether the state court followed proper procedure under the state recidivist statute. As noted above, such claims are a matter of state law, and thus, not cognizable on federal habeas review. See Estelle v. McGuire, supra.

## D. Ground Four

In ground four, the petitioner asserts that his sentence constitutes cruel and unusual punishment because it violates the proportionality principle of the Eighth Amendment. In support

---

[3] Petitioner's reliance on Shepard v. United States, 544 U.S. 13 (2005) is misplaced. The issue in Shepard was not whether a district court could make findings about prior convictions, "but simply *what sources they could rely on* to make such findings." United States v. Hollingsworth, 414 F.3d 621, 623 (6th Cir. 2005) (emphasis in original). Shepard does not support the petitioner's position that a judge is prohibited from finding a predicate felony to be a crime of violence without submitting the question to the jury. Id. at 624.

The petitioner's reliance on Apprendi v. New Jersey, 530 U.S. 466 (2000), is likewise misplaced. Apprendi held that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Id. at 490 (emphasis added).

13

of this claim, the petitioner asserts that there is no *mens rea* requirement for a conviction of DUI, therefore, such convictions do not permit lengthy sentences. In simpler terms, the petitioner argues that his crimes are minor, without violence or intent.[4] Thus, the petitioner's argues that his life sentence is disproportionate to his DUI conviction and constitutes cruel and unusual punishment.

The Eighth Amendment to the United States Constitution declares that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Eighth Amendment applies to the States through the Fourteenth Amendment. See Wilson v. Seiter, 501 U.S. 294, 296-97 (1991). In Solem v. Helm, 463 U.S. 277, 284 (1983), the Supreme Court recognized that although the Eighth Amendment does not explicitly contain a proportionality guarantee, the phrase "nor cruel and unusual punishment" implicitly requires that a criminal sentence be proportionate to the crime of conviction. Id. at 290. That decision, however, was called into doubt by the Supreme Court's later decision in Harmelin v. Michigan, 501 U.S. 957 (1991) ("We conclude from this examination that Solem was simply wrong; the Eighth Amendment contains no proportionality guarantee.") (Scalia, J. & Rehnquist, C.J.).[5] That being the case, the Fourth Circuit

---

[4] Petitioner likens his DUI convictions to convictions for failure to register and felony overtime parking. Petition (dckt. 1) at 5. The respondent points out, however, that at the time of his sentencing, the petitioner had four felony DUI arrests. Respondent's Memorandum (dckt. 32) at 28. Moreover, the petitioner had been arrested for DUI no less than eight times and had his driving privileges revoked no less than three times. Id. In fact, even the WVSCA specifically noted that petitioner drove a car after admittedly drinking 25-30 beers. See Appleby v. Recht, 583 S.E.2d at 814.

[5] Although Harmelin appears to specifically reject Solem, because of the unharmonious decision-making in Harmelin, most courts appear to believe that Solem is merely called into doubt. In Harmelin, Justice Scalia announced the judgment of the Court and delivered the opinion of the court with respect to Part IV, in which Chief Justice Rehnquist, Justice O'Connor, Justice Kennedy and Justice Souter joined, and an opinion with respect to Parts I, II, and II, in which the Chief Justice joined. Justice Kennedy filed an opinion concurring in part and concurring in the judgment in which Justices O'Connor and Souter joined. Justice White filed a dissenting opinion in which Justices Blackmun and Stevens joined. Justice Marshall filed a dissenting opinion. Finally, Justice Stevens filed a dissenting opinion in which Justice Blackmun joined.

14

has determined that Solem requires a proportionality analysis only in cases involving a life sentence without the possibility of parole. See United States v. Kratsas, 45 F.3d 63, 67 (1995) (citing United States v. D'Anjou, 16 F.3d 604 (4th Cir. 1994)).

It is this exact case law which the WVSCA examined in denying the petitioner's writ of prohibition. Appleby v. Recht, 583 S.E.2d at 811-12. In denying the petitioner's proportionality claim, the WVSCA found:

> The possible imposition of a life sentence for Mr. Appleby's egregious, socially reprehensible, apparently incorrigible and indisputably dangerous conduct violates no proportionality principle. Indeed, Mr. Appleby tells us in his memorandum of law that in at least eight states a life sentence may be possible, and two states may impose sentences of 99 and 100 years for habitual drunk drivers, respectively. And states have imposed life sentences for just such offenses. See, e.g., Strickland v. State, 784 So.2d 957 (Miss. 2001) (en banc) (plurality opinion) (defendant sentenced to a life without parole term as a recidivist for a DUI, third offense, predicated only on possession of a firearm by a felon and aggravated assault); Bell v. State, 814 S.W.2d 229 (Tex.Ct.App. 1991) (Bell sentence vacated because of the state's inability to prove the validity of two of the predicate felonies). Application of the recidivist statute to Mr. Appleby does not violate his rights.

Id. at 814-15.

Upon an independent review of the state court record, the undersigned finds that the determination of the state court was not contrary to or an unreasonable application of clearly established federal law. In denying the petitioner's claim, the state court addressed the appropriate standard of federal review and applied that standard to the facts of the petitioner's case. Moreover, the decision of the state court was not unreasonable in light of the facts presented in the state proceedings. The West Virginia recidivist statute was created to deter felony offenders from committing subsequent felony offenses. See Syl pt. 3, State v. Jones, 187 W.Va. 600, 420 S.E.2d

(1992). Its purpose is to protect the public from those persons incapable of conforming their conduct to societal norms. Moreover, driving under the influence of alcohol is a serious offense because it inherently creates a grave risk of injury. In this case, the petitioner had a lengthy record of DUI offenses. In fact, at the time of his offense, the petitioner's license was suspended because of his prior convictions. In spite of this, the petitioner knowingly operated a motor vehicle after consuming an astounding number of beers. Obviously, the petitioner's previous convictions, and license suspensions, had not had any deterrent effect. Thus, application of the recidivist statute to the petitioner under these circumstances is not constitutionally disproportionate, and the petitioner is not entitled to federal habeas relief on this claim.

## IV. Recommendation

For the reasons set forth in this Opinion, it is recommended that the respondent's Motion to Dismiss (dckt. 30) and Motion for Summary (dckt. 31) be **GRANTED** and the petitioner's § 2254 petition be **DENIED** and **DISMISSED with prejudice**. In light of his finding, it is further recommend that the petitioner's Motion for Release on Bond (dckt. 33) be **DENIED**.[6]

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to

---

[6] See Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972) ("A conviction and the state's substantial interest in executing its judgment . . . dictates a formidable barrier for those who seek interim release while they pursue their collateral remedies . . . [I]n the absence of exceptional circumstances . . . the court will not grant bail prior to the ultimate final decision unless petitioner presents not merely a clear case on the law, . . . but a clear, and readily evident, case on the facts.").

16

appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to counsel of record.

DATED: September 25, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE