IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DAVID APPLEBY,**

    **Petitioner,**

**v.**                                                       **Civil Action No. 3:05-CV-87**
                                                        **(BAILEY)**

**WARDEN NRJ & CF,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**I.**      **Introduction**

On this day, the above styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull [Doc. 36] dated September 28, 2007, and the petitioner's corresponding objections [Doc. 37] filed on October 1, 2007. In accordance with 28 U.S.C. § 636(b)(1), this Court conducted a *de novo* review. As a result, it is the opinion of the Court that the Magistrate Judge's Report and Recommendation [Doc. 37] should be, and is, **ORDERED ADOPTED**.

**II.**      **Factual and Procedural History**

The current controversy arises from petitioner's plea of guilty to one count of driving under the influence of alcohol, third offense, and one count of driving while revoked for driving under the influence, third offense, in the Circuit Court of Ohio County, West Virginia. Following petitioner's plea of guilty, the Ohio County prosecutor filed a recidivist information charging petitioner as a habitual offender. As a result, petitioner filed for a Writ of Prohibition with the West Virginia Supreme Court of Appeals. Petitioner's Writ set forth the

following ten issues for review:

(1) Should Mr. Appleby have received notice in the indictment of the State's intention to seek to have him sentenced as a recidivist?

(2) Assuming the answer to first question is negative, then should Mr. Appleby have been given notice of the State's intent to have him sentenced as a recidivist before his plea was accepted?

(3) Assuming *arguendo* that there is proof that the defendant committed all the felony offenses charge in the information, would such a record support a life sentence for driving under the influence and/or driving suspended for driving under the influence?

(4) Is Mr. Appleby entitled to have a jury evaluate whether the facts and circumstances of the instant offense and his prior offenses were actually violent, potentially violent, or nonviolent?

(5) Given the case by case analysis necessary under the proportionality clause, has the Habitual Offender Statute become void for vagueness?

(6) Does **State v. Williams**, 196 W.Va. 634, 474 S.E.2d 593 (1996) apply to efforts to seek a life sentence for driving under the influence? Does **Williams** apply to efforts to enhance convictions for driving while suspended? And was Williams correctly decided?

(7) Can the 9/8/88 conviction for driving under the influence be used to enhance the underlying offense to a third offense under the driving under the influence statute and also be used as a prior felony conviction under the Habitual Offender Statute?

(8) Does the failure of the State to enforce W.Va. Code § 61-11-18(c)against every person with three felony convictions violate principles of equal protection?

(9) Since the petitioner had entered into a plea bargain when convicted of assault and the terms of that agreement provided for sentencing to a jail and not the penitentiary, should such conviction be a previous conviction under W.Va. Code § 61-11-18?

(10) Did the prosecutor violate the "immediately" portion of W.Va. Code § 61-11-19 by not filing the recidivist information as part of the same proceeding during which the plea was offered and accepted by the Court?

On December 4, 2002, the West Virginia Supreme Court of Appeals denied the Petition for

Writ of Prohibition and on September 3, 2003, a jury found petitioner guilty under W. Va. §§ 61-11-18 & 19. As a result, the Circuit Court sentenced petitioner to the statutorily required life term.

Following imposition of judgment, the petitioner appealed his conviction alleging the following assignments of error, which was refused on September 16, 2004:

>(1) The Court erred in denying the motion to dismiss the recidivist information for failure to contain information required by W.Va. Code § 61-11-19.

>(2) The Court erred in permitting recidivism proceedings to be based upon the felony offense of Third Offense, Driving While Suspended for Driving Under the Influence because such an offense is not violent.

>(3) The Court erred in permitting the amendment of the recidivist information.

>(4) The Court erred in excluding evidence that would tend to show that a prior conviction of the defendant was not constitutionally obtained.

>(5) The Court erred by failing to fully instruct the jury on the need to make a finding of the date on which prior offenses had occurred, an essential element of a recidivist trial, and in tendering a verdict form with interrogatories similarly defective, and in failing to obtain a final verdict encompassing all the essential elements of a finding of recidivism.

>(6) The Court erred in denying the petitioner's objection to the use of the language "on or about" as part of the jury instructions.

>(7) The Court erred in denying the motion to withdraw the guilty plea on the underlying offense.

>(8) The Court erred in permitting an enhanced sentence to be based upon felony offenses of Third Offense, Driving Under the influence, because such an offense does not require proof of intent.

>(9) The Court erred in denying the motion to dismiss the recidivist proceedings for failure to give notice in the original indictment that a recidivist sentence would be sought.

(10) The Court erred in refusing jury instructions that would have permitted jury evaluation of the character of the underlying offenses.

(11) The Court erred in refusing to find **State v. Williams** to have been wrongfully decided.

Following the refusal of his direct appeal, petitioner instituted the current petition for writ of habeas corpus. In support of the relief, petitioner proffers the following arguments:

(1) His plea was not voluntary because he did not have a full understanding of the consequences of his guilty plea, in particular, Petitioner was not told at his plea hearing that he faced the possibility of a life sentence under the West Virginia recidivist statute.

(2) Petitioner was denied the right to have a jury determine whether or not his prior convictions were qualifying convictions within the meaning of the West Virginia recidivist statute.

(3) Petitioners' due process rights were violated when the state failed to comply with the notice requirements of the recidivist statutes.

(4) His sentence is cruel and unusual punishment because it violates the proportionality principle of the Eight Amendment.

(5) Miscellaneous Allegations - Petitioner incorporates all claims raised in his brief filed in connection with his writ of prohibition, his petition for appeal, and his two motions for reconsideration.

On March 8, 2006, in response to the above, the respondent filed a Motion to Dismiss for failure to exhaust state remedies [Doc. 9]. Essentially, the respondent claimed that the petitioner was attempting to proffer a "mixed" petition, which pursuant to **Rose v. Lundy**, 455 U.S. 509 (1982), must be dismissed. Additionally, petitioner conceded that ground five was not properly pled and, as such, sought its withdraw. Accordingly, petitioner's request to withdraw ground five was granted and the same was dismissed.

### III.   Applicable Law

When a petitioner challenges the factual determination made by a state court,

"federal habeas relief is available only if the state court's decision to deny post-conviction relief was 'based on an unreasonable determination of the facts.'" 28 U.S.C. § 2254 (d) (2). In reviewing a state court's ruling on post-conviction relief, we are mindful that 'a determination on a factual issue made by a State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by clear and convincing evidence.'" **Tucker v. Ozmint**, 350 F.3d 433, 439 (4th Cir. 2003).

Habeas corpus relief is not warranted, however, unless the constitutional trial error had a "substantial and injurious effect or influence in determining the jury's verdict." **Brecht v. Abrahamson**, 507 U.S. 619, 637 (1993); **Richmond v. Polk**, 375 F.3d 309 (4th Cir. 2004). "Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" **Brecht**, *supra*.

## IV. Analysis

The West Virginia Supreme Court of Appeals correctly determined that the petitioner's plea was done knowingly and voluntarily. In making its finding, the Court found that a trial court is not required to advise a defendant concerning a possible recidivist enhancement. **Appleby v. Recht**, 583 S.E.2d at 808. The Court found that Rule 11 provides that while it is recommended that a defendant be informed that he may be subject to an additional penalty when he pleads guilty, it is not required. *Id*. Finally, the Court noted that in the Fourth Circuit, it is well-established that a valid guilty plea requires only that the defendant be advised as to the "direct" consequences of his plea. *Id*. (quoting **Cuthrell v Director, Patuxent Institution**, 475 F.2d at 1365-66).

The West Virginia Supreme Court found that a recidivist life sentence is a "collateral"

consequence of a plea and, as such, the plea was made knowingly and voluntarily. Upon review of the record, this Court agrees with Magistrate Judge Kaull that the West Virginia Supreme Court of Appeals' determination was not contrary to, or an unreasonable application of, clearly established federal law. In West Virginia, a recidivist sentence is not a direct consequence of a guilty plea. *See* **Jones v. Painter**, 140 F.Supp.2d 677, 679 (N.D.W.Va. 2001). Further, the Court held that "a state court's interpretation of state recidivist laws is considered to be binding on a federal court reviewing the conviction on habeas corpus." *Id*. Accordingly, the petitioner is not entitled to federal habeas relief on this claim.

Next, the petitioner contests the magistrate judge's finding that the petitioner raised a state procedural issue and not a federal constitutional issue. The petitioner asserts that state law only permits violent crimes to support a recidivist sentence. Further, the defendant asserts that his prior convictions were not adjudicated as violent, and that the underlying convictions were not violent. This Court agrees with, and will continue the roll of echos of the West Virginia Supreme Court of Appeals and Magistrate Judge Kaull, which speak at length about the violent nature of driving under the influence, and how the recidivist statute was properly applied to the repetitive nature of this petitioner's behavior.

### **V.**     **Conclusion**

For the foregoing reasons and those more fully stated in the Report and Recommendation of United States Magistrate Judge John S. Kaull [Doc. 36], this Court **ORDERS** the **Opinion/Report and Recommendation [Doc. 36] ADOPTED**. Accordingly, this Court hereby **GRANTS** the respondent's Motion to Dismiss [Doc. 30] and Motion for Summary Judgment [Doc. 31] and **DENIES** the § 2254 petition and **DISMISSES** it **with**

**prejudice**.  As such, the Court further **ORDERS** this matter be **STRICKEN** from the active docket of this Court.  As a final matter, the petitioner's Motion for Release on Bond [Doc. 33] is hereby **DENIED as moot**.

    It is so **ORDERED**.

    The Clerk is directed to transmit true copies of this Order to the petitioner and all counsel of record.

    **DATED:** October 17, 2007.

*/s/ John Preston Bailey*
JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE